[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 15 
This matter is before the court pursuant to a writ ofcertiorari allowed by the former Supreme Court to review an order of the Workmen's Compensation Bureau dated January 23, 1947, vacating an earlier order of dismissal for lack of prosecution.
Petitioner William J. Stone duly filed a claim petition for increased disability with the Workmen's Compensation Bureau and appellant Dugan Brothers of N.J., Inc., duly filed its answer. Hearing was begun, petitioner's testimony was taken, the matter was adjourned before completion of the petitioner's case, and thereafter was placed on the Bureau's "not moved" list. Under date of February 28, 1946, the appellant served notice that on the 11th day of April, 1946, it would move "to dismiss the petition for failure to prosecute the same, unless the petitioner shall move the cause for trial within one month from the date thereof." Under date of March 20, 1946, petitioner's attorney wrote to the appellant's attorney advising that he had requested the Deputy Commissioner of the Workmen's Compensation Bureau to list the matter for trial. Thereafter the attorneys agreed to confer with the Deputy Commissioner for the fixing of a date for trial, but the conference never took place.
On the 10th day of April, petitioner's attorney telephoned the Deputy Commissioner and, in his absence spoke with his secretary, *Page 16 
requesting an adjournment for stated reasons which appeared sufficient. Inadvertently the request was never called to the Deputy Commissioner's attention and on the following day, April 11, with no one appearing in opposition, he entered an order providing that "the claim petition filed herein be and the same is hereby considered abandoned and the said claim petition is hereby dismissed for want of prosecution." Thereafter petitioner's attorney obtained an order to show cause why the dismissal should not be set aside, testimony in furtherance thereof was taken, and under date of January 23, 1947, the Deputy Commissioner vacated the order of dismissal upon his finding that "a timely request for adjournment was made by Mr. Shershin and through failure on the part of my secretary to convey such information to me, the dismissal of the petition was inadvertently entered on April 11, 1946."
The appellant contends that the order of dismissal on April 11, 1946, was properly made pursuant to R.S. 34:15-54 and that under Long Branch v. Finn, 131 N.J. Law 488 (Sup.Ct.
1944) the Bureau had no authority thereafter to vacate it, "in the absence of fraud or conduct which would give rise to an estoppel." See Skislak v. The Continental Mining SmeltingCorp., 137 N.J. Law 157 (Sup.Ct. 1948). The petitioner contends, on the other hand, (1) that the Bureau's authority to vacate an order of dismissal for lack of prosecution is not confined to cases of fraud or estoppel, but extend to cases of mistake or inadvertence, and (2) that in any event, the Legislature has, by chapter 267 of the Laws of 1947 (R.S.
34:15-54) given express power to the Bureau to vacate, for good cause shown within one year thereafter, any order of dismissal for want of prosecution and has expressly validated prior orders vacating such orders of dismissal.
The historic power of courts to open their judgments has not been confined to instances of fraud but extends to cases of mistake, inadvertence "or like just cause." See Newark v.Smith, 120 N.J. Law 56, 59 (Sup.Ct. 1938). In AssetsDevelopment Co. v. Wall, 97 N.J. Law 468 (E. A. 1922) the court stated that this "power to open judgments upon good cause *Page 17 
shown" continues while the cause remains under the court's control. Under the rules of practice now prevailing, the application to open the judgment must be made within a reasonable time and where the application is based upon newly discovered evidence, fraud, mistake, inadvertence, surprise or excusable neglect, it must be made within one year. See Rule 3:60-2.
It is true that the foregoing relates to court proceedings and is not strictly applicable to quasi-judicial determinations by administrative agencies. Nevertheless, our courts have, in furtherance of the interests of justice, applied similar principles to administrative proceedings. Thus, in Katz v.Zepela, 10 N.J. Misc. R. 258 (Sup.Ct. 1932) affirmed110 N.J. Law 14 (E. A. 1933) the court, in reliance upon the earlier decision in Rose v. Wagner Construction Co.,2 N.J. Misc. R. 118 (Sup.Ct. 1924), sustained the power of the Workmen's Compensation Bureau to set aside an earlier order of dismissal. Referring to the Rose case, the court stated that the decision seemed "to give the Bureau the same control over its judgments that the common law courts have."
Appellant, in support of its position that, in the absence of fraud or estoppel, the Bureau may not reopen an order of dismissal, relies entirely upon Long Branch v. Finn, supra.
However, insofar as the opinion in that case discloses, not only was fraud or estoppel absent, but mistake or inadvertence was likewise absent. That the court in the Finn case did not intend to confine the Bureau in reopening orders of dismissal strictly to cases of fraud or estoppel, is evident from the following language in Schaible v. Champenois Co., Inc.,131 N.J. Law 436 (Sup.Ct. 1944) affirmed 132 N.J. Law 417 (E. A.
1945) decided by the same justices of the former Supreme Court at the same term of court:
"The Bureau was without power to vacate the order of dismissal in the absence of fraud, misrepresentation, mistake or the discovery of evidence which could not have been previously found by the exercise of reasonable diligence."
Under the Workmen's Compensation Act the Bureau had implied statutory power to reopen its earlier judgment of dismissal. SeeR.S. 34:15-58; Rose v. Wagner Construction *Page 18 Co. supra, at p. 120; Breen Iron Works v. Richardson,115 N.J. Law 305, at p. 308 (Sup.Ct. 1935) affirmed117 N.J. Law 150 (E. A. 1936). Although the act is silent on the subject, we are satisfied that the statutory power to reopen fully embraces instances where the judgment has been entered through mistake or inadvertence. Considering that the Deputy Commissioner could properly have denied the application for dismissal upon being satisfied that the proceedings would thereafter be prosecuted diligently and his express finding that request for adjournment, though seasonably made, had not reached him through his secretary's failure and that the order of dismissal was thereupon inadvertently entered, we find nothing improper in the Bureau's determination that its earlier order of dismissal should be vacated.
Since the above results in a determination in favor of the petitioner-respondent, we have no occasion to consider his second point resting upon P.L. 1947, c. 267 which became law on June 11, 1947, after the order of dismissal was entered and vacated. Question is raised, which we need not here determine, as to whether retroactive application of that statute to orders entered in the Bureau prior to its enactment would violate pertinent constitutional restrictions. Compare Casieri's Case,286 Mass. 50, 190 N.E. 118 (1934) with Paramino Lumber Co.v. Marshall, 309 U.S. 370, 84 L.Ed. 814 (1940). See alsoPlahn v. Givernaud, 85 N.J. Eq. 143 (E. A. 1915).
The order of the Bureau dated January 23, 1947, vacating the order of dismissal dated April 11, 1946, is affirmed and the cause is remanded to the Bureau with directions that it be prosecuted diligently. *Page 19