V., PETITIONER-RESPONDENT, v. LONG BRANCH SEWER-AGE AUTHORITY, RESPONDENT-RESPONDENT

F., BY HER GUARDIAN *AD LITEM*, M., PETITIONER-APPEL-LANT, v. LONG BRANCH SEWERAGE AUTHORITY, RE-SPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 7, 1964—Decided December 24, 1964.

Before Judges GOLDMANN, SULLIVAN and LABRECQUE.

*Mr. Aaron Gordon* argued the cause for petitioner-appellant (*Messrs. Stone & Weil,* attorneys).

*Mr. Thomas F. Shebell* argued the cause for petitioner-respondent.

*Mr. John W. O'Brien* argued the cause for respondent-respondent (*Messrs. O'Brien, Brett & O'Brien,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J. A. D. This is a workmen's compensation case in which petitioner-appellant F., by her guardian *ad litem* M., appeals from a judgment of the County Court affirming the action of the Workmen's Compensation Division dismissing this petitioner's claim petition, and refusing to reopen a judgment awarding compensation to the widow and three children of the deceased workman.

On November 1, 1956, S., an employee of respondent Long Branch Sewerage Authority became involved in an altercation with another employee and received a stab wound from which he died. His widow, V., and three children, S. Jr., S. A. and S. L., filed a claim petition for compensation and ultimately it was held that the death was compensable.

The award, dated December 16, 1957, made statutory allowances for the widow and the three children who were found to be the decedent's dependents. Under the award, statutory payments for the basic 300 weeks' period were completed in August 1962, so that the widow is no longer entitled to further benefits. None of the children have yet reached 18 years of age and statutory payments have continued on their behalf subject to modification as each child becomes 18 years of age.

On September 21, 1962, petitioner-appellant filed a claim petition for compensation based on the death of S. and alleging that she was a dependent daughter of the decedent. While this petition was pending, petitioner-appellant applied for and obtained an order to show cause why the compensation judgment dated December 16, 1957, should not be reopened on the ground that she was an illegitimate daughter of the decedent and entitled to share in the dependents' compensation awarded by said judgment.

Both matters came on for hearing in the Division in September 1963 at which time the judge of compensation dismissed petitioner-appellant's claim petition on the ground that

it was not filed within two years after the date on which the accident occurred as required by *R. S.* 34:15–51. The judge also discharged the order to show cause entered in the original compensation proceeding on the ground that F. "was not a party to this proceeding, and by reason of this fact I feel that she has no status in connection with this claim petition, or the judgment which she seeks to reopen."

At the September 1963 hearing in the Division, petitioner-appellant proffered documentary proof that she was born February 16, 1950, and that S. was her father and that he had acknowledged such paternity. However, the judge, since he was denying relief on jurisdictional grounds, refused to allow the exhibits to be marked in evidence. (All parties have stipulated that this court may consider such exhibits in determining the legal questions presented.) As heretofore noted, the County Court affirmed the Division's rulings.

We find it unnecessary to review the correctness of the dismissal of petitioner-appellant's independent claim petition filed September 21, 1962, because we conclude that her application to reopen the judgment of December 16, 1957, which we consider to have been in the nature of an application to intervene and reopen, should have been heard on the merits.

The original claim petition alleged, and the judgment of December 16, 1957 found, that decedent left him surviving as dependents his widow and three children, namely, S. Jr., S. A. and S. L. The compensation award was based on this finding. This award is still being paid for the three children named in the petition and judgment. Petitioner-appellant is a minor, now 14 years of age. She claims that she also was a dependent child of the decedent at the time of his death but that she was not joined in the compensation proceedings as a dependent, and that the judgment and award therein makes no provision for her. If the original judgment was based on a mistaken finding that decedent left three dependent children, when in fact he left four, the compensation court certainly has power to correct it. See *N. J. S. A.* 34:15–58.

In *Estelle v. Board of Education of Red Bank*, 14 *N. J.* 256 (1954), it was noted at *page* 261 that the Workmen's Compensation Division has the power inherent in all tribunals to reopen judgments in instances of fraud, mistake, inadvertence and the like. Of course, exercise of this power would be subject to considerations of lack of diligence, laches, delay, estoppel, and the like. See *Eclipse, etc., Bendix Aviation Corp. v. Minter*, 35 *N. J. Super.* 430, 436–438 (*App. Div.* 1955).

While petitioner-appellant was not a party to the original compensation proceedings, if her contention is correct, *i. e.*, that she was a dependent daughter of decedent at the time of his death, she has been injuriously affected by the judgment. Since payments thereunder are still being made for decedent's dependent children, petitioner-appellant who claims to be an additional dependent child has standing to apply to intervene and to reopen the judgment, 49 *C. J. S. Judgments* § 293b (1947) ; *cf. Edelstein v. Asbury Park*, 51 *N. J. Super.* 368, 387 (*App. Div.* 1958) ; subject to the aforementioned considerations if applicable. The two-year limitation on filing a claim petition set forth in *R. S.* 34:15–51 is not applicable to the instant application. Even if it were, as heretofore noted, payments are still being made for decedent's dependent children.

The ruling on petitioner-appellant's application to intervene in the original compensation proceeding and to reopen the judgment therein is reversed and the matter remanded for a hearing in accordance with the foregoing. If the compensation judge concludes that the judgment should be reopened, he will then have to decide the main issues of paternity and dependency.