157 N.J. Super. 510 (1978)
385 A.2d 257
JEREMIAH HYMAN, PETITIONER-RESPONDENT,
v.
ESSEX COUNTY CARPET CLEANING CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 14, 1977.
Decided March 20, 1978.
*512 Before Judges FRITZ, BOTTER and ARD.
Messrs. Braff, Litvak, Ertag, Wortmann & Harris, attorneys for appellant (Mr. Brian C. Harris, of counsel).
Mr. John S. Giava, attorney for respondent, Jeremiah Hyman.
The opinion of the court was delivered by FRITZ, P.J.A.D.
This is an appeal by the employer from an adverse judgment in a relatively extraordinary workers' compensation case.
The employee suffered a compensable industrial injury on July 18, 1956. On May 20, 1957 a judgment was entered in his favor for 65% permanent partial disability. The last payment under that award was made on August 5, 1963. A timely petition for review of this award pursuant to N.J.S.A. 34:15-27 was filed and that petition was heard on May 27, 1965. This resulted in the entry of a judgment reflecting an increase in adjudicated disability amounting to 10% of permanent partial disability or an aggregate of 75%. However, the judge of compensation, in his oral findings and conclusions at the end of the case, made the following comment:
Now, both Dr. Keats and Dr. Pollock, who appeared and testified for the petitioner, have indicated that the man is totally disabled, except for the question of rehabilitation. In other words, if he is not rehabilitated, he would be, in their opinion, 100% of total. However, since there has never been a serious attempt at rehabilitation, I feel that it is premature at this time to rule that out and merely cast the man away and say that he is totally disabled and let it go at that. I don't think that's the way to handle this case. The man is *513 young and may well return to good productive service in the community and family life and in some industrial capacity.
It is clearly inferable (if not inescapable) from the foregoing that the judge of compensation believed the employee to be totally disabled at that time. It is equally apparent that he thought it in the best interest of everyone to give rehabilitative efforts a first chance toward the end, perhaps, of reducing the disability to something less than total.
Indeed, the following day the judge referred the matter to the New Jersey Rehabilitation Commission by way of a form provided for this purpose, to which he added the note:
Mr. Hyman has promised me that he would cooperate fully on the question of rehabilitation. It will be a great misfortune if he is permitted into a total disability status for want of appropriate attention. From talking with him I am persuaded that he wants to be and can be a productive member of society. Please keep me advised or [sic] progress.[1]
The employee was thus led to believe not only that rehabilitation efforts would be undertaken on his behalf but, perhaps more significantly, that he was expected to cooperate in this regard. Nobody denies that rehabilitative efforts did in fact take place. The duration is unclear in the record.
On May 31, 1973 the employee filed another petition for review, asserting that he was totally disabled. More than a year later, on June 17, 1974, the employer filed its answer. It asserted the statute of limitations as a defense. It also *514 denied any increase in disability. For some reason not explained in the record and very difficult to understand, this 1973 allegation of compensable total disability had not yet been heard by May 13, 1976, three years after the application had been filed. On that date the employee filed a notice of motion, "in the alternative" to the pending application for review, for an order "to vacate, reform or amend a Judgment entered in this cause by the Honorable Roger W. Kelly on July 7, 1965 to declare the petitioner permanently disabled to the extent of 100% of total in conformity with the court's oral opinion rendered on May 27, 1965 * * *."
Oddly enough, the employer joined in this motion by virtue of the following endorsement physically appended to the employee's motion:
The undersigned [attorneys for the employer] hereby joins the petitioner in this Motion only to the extent that he believes the Judgment dated July 7, 1965 should be clarified by the Honorable Roger W. Kelly, in view of his oral decision of May 27, 1965.
The petition and the motion were considered together, but on the submission of briefs only, without testimony or oral argument, on November 30, 1976. At that time[2] the judge of compensation issued that which he called a "supplemental decision," in which, with respect to findings and a determination, he said only:
* * * I am persuaded and so find that the judgment entered in this matter on June 7, 1965 was in error due to a mistake of law and inadvertence in that it was speculative and conditional in nature. Therefore, the judgment is corrected to a finding that petitioner is 100 percent permanently totally disabled and unemployable, * * *.
*515 A concordant "amended judgment" was entered, and it is from this the employer appeals. It argues that the "reopening" of the employee's case was barred by the statute of limitations and that the compensation judge "lacked the authority" to "reopen" its judgment. Finally, it urges that the findings and conclusions are "inadequate in substance."
At the outset it should be observed that the matter was not treated by the judge of compensation as a traditional "reopener" simply asserting an increase in disability since the 1965 determination. We have no doubt that had such a proceeding been the only string to the employee's bow, the statute of limitations would indeed have foreclosed the claim. N.J.S.A. 34:15-41 and 51; and see N.J.S.A. 34:15-27.
But despite a regrettable absence of more detailed explication, we are satisfied that the judge of compensation was not finding additional compensation on the basis of additional disability. His brief finding as well as his characterization of his determination as a "supplemental decision" persuade us that rather he may have been correcting his own error in 1965 and supplementing that decision. We come to this conclusion because it would seem there was nothing else in the interim to be "supplemented." Had he been more concerned with detail, he might well have explained his 1965 determination as one at a time when he was convinced of total disability but disinclined to relegate the petitioner to uselessness and despair by that determination until he gave rehabilitation a chance to salvage what could be salvaged. In retrospect he was in effect acknowledging his error in this approach in view of the fact as to what had since transpired. McKinley v. Slenderella Systems of Camden, N.J., Inc., 63 N.J. Super. 571 (App. Div. 1960) (a civil action in negligence), and Diehl v. New Jersey Power & Light Co., 4 N.J. Super. 175 (App. Div. 1949) (in which no judgment was entered in the Division of Workmen's Compensation but the claim petition was held "in abeyance") are distinguishable.
*516 The procedure here employed by the judge of compensation was invited, it would seem, by the employer's limited joinder in employee's motion to the extent it, too, believed the 1965 judgment "should be clarified."
The questions on this appeal, therefore, are whether the Division of Workers' Compensation has the authority to open its judgments to correct a mistake, and if so whether there is a time limit to this procedure.
We have no doubt at all as to the affirmative answer to the first of these inquiries. Irrespective of the absence of express statutory authority and a one-year limitation imposed upon such a reopening in certain circumstances, N.J.S.A. 34:15-54, it is abundantly clear that the Division has the inherent power, "comparable to that possessed by the courts (R.R. 4:62-2 [now R. 4:50]), to reopen judgments for fraud, mistake, inadvertence, or other equitable ground." Beese v. First National Stores, 52 N.J. 196, 200 (1968). See also Estelle v. Red Bank Bd. of Ed., 14 N.J. 256 (1954); Stone v. Dugan Brothers of N.J., 1 N.J. Super. 13 (App. Div. 1948).
On the other hand, it is equally clear that a decision to reopen must not be arbitrary or based on whim. The presence of a legally adequate motivating element must be manifest. We are satisfied, as we were almost three decades ago in Stone, supra, that the practice in the Division in this respect ought to be tailored after that to which the courts adhere in response to R. 4:50. It follows that in consideration of such procedure, attention to the equities involved is imperative. Beese v. First National Stores, supra 52 N.J. at 200-201.
Our conclusion in this respect also signifies our determination with regard to time limitations. Motions to set aside judgments on R. 4:50 grounds must in any event be brought within a reasonable time and in most cases not later than a year after entry of judgment. R. 4:50-2 and R. 4:50-1(a), (b) and (c). But see R. 4:50-1(f); Bauer v. Griffin, 104 N.J. Super. 530, 540-541 (Law Div. 1969), *517 aff'd 108 N.J. Super. 414 (App. Div. 1970), certif. den. 56 N.J. 245 (1970). It is conceivable, as was there said,
* * * that mistake, other than trial error, might be sufficiently egregious in any given case so as to qualify as an "other reason"; should, under those circumstances, qualify for the policy considerations which permit subsections (d), (e), and (f) [of R. 4:50] to be applied without time considerations beyond reasonableness; and should, therefore, not be limited by the one-year provision.
The difficulty in the matter before us is that the judge of compensation only announced his ultimate conclusion that there was "error due to a mistake of law and inadvertence in that [the judgment of 1965] was speculative and conditional in nature." We ourselves have above speculated as to a possible rationale undergirding his most recent determination, but without more particular findings we cannot examine the soundness of his conclusions. Reiser v. Simon, 63 N.J. Super. 297, 300-301 (App. Div. 1960).
Additionally, and most importantly, we have no way of knowing whether the employee's motion was, in fact, brought within a reasonable time. It is not enough that the judge of compensation erred in his 1965 judgment. Fairness to the employer and R. 4:50-1 and 2 require that procedure to correct that error must be brought within a reasonable time.
Since time far beyond one year passed between the entry of judgment and the employee's motion in this matter, it appears that the judgment may be corrected only if it qualifies under R. 4:50-1(f), and even then, was brought within a reasonable time. We think this is a determination best made in the first instance by the judge of compensation, on a record fully developed for that purpose and accompanied by adequate findings. Accordingly we remand for a further hearing and a determination consistent with the foregoing. No costs. We do not retain jurisdiction.
NOTES
[1] We regard this form as a cognizable extension of the record of the findings of May 27, 1965, in which the judge promised,

* * * Now, I'm going to ask the people in our Trenton office that do rehabilitation work to come and see you. I'm going to make a recommendation that they send you to a doctor in New York to look over your hand and to see if there is anything he can do for you and maybe they can train you to do some kind of a job or something like that.
Now, I want you to cooperate with them. I ask you to do that for your own good.
[2] Apparently the decision was dictated on that date. Although the date of January 5, 1977 follows the certification by the judge of compensation relating to the accuracy of the transcription, it is evident that there was no more than one date involved in 1976 or 1977.