# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4605-18T1

O.S.N.,

    Plaintiff-Respondent,

v.

C.M.N.,

    Defendant-Appellant.

_____

          Submitted September 15, 2020 – Decided September 22, 2020

          Before Judges Mawla and Natali.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-2163-17.

          C.M.N., appellant pro se.

          Inkyung Lee, attorney for respondent.

PER CURIAM

    Defendant appeals from a May 10, 2019 Family Part order that denied his motion to dissolve a final restraining order (FRO) entered pursuant to the

Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We affirm.

I.

We briefly summarize the relevant facts and procedural history. On June 22, 2017, O.S.N.[1] filed a domestic violence complaint pursuant to the PDVA and sought a temporary restraining order (TRO) based on defendant C.M.N.'s prior, unreported acts of domestic violence and an incident the previous night in which defendant, "struck her on the head [three times] with his hand." The court granted the TRO and scheduled a hearing on plaintiff's application for a FRO. The court heard the matter on June 29, 2017. Defendant had notice of the proceeding but did not appear.

Plaintiff testified that she and defendant were previously married and divorced in September 2016. The parties reconciled sometime thereafter and began cohabitating occasionally in the former marital residence in Edgewater.

On June 21, 2017, defendant came to the residence and accused plaintiff of being unfaithful and "hit [the] left side of [her] face." She testified that she was "really scared," "scream[ed] and yell[ed] [for] someone to help [her]," and attempted to flee the house. Plaintiff also stated that she had filed a previous

---

[1] We use the parties' initials to protect O.S.N.'s privacy. R. 1:38-3(d)(10).

A-4605-18T1

domestic violence complaint against defendant as a result of prior assaults and that she remains "afraid of him a lot."

Family Part Judge Christine A. Farrington found that plaintiff testified credibly, that defendant had committed a simple assault upon her, and that plaintiff required a FRO because she was in fear of defendant. The judge also noted that "from a distance of approximately [fifteen] feet . . . I can observe deep black and blue marks to the entire left side of plaintiff's face." Judge Farrington entered the FRO, which required, among other things, that defendant attend a batterers' intervention program.

Defendant was also charged in the Edgewater municipal court with simple assault, N.J.S.A. 2C:12-1(a)(1), a disorderly persons offense, and terroristic threats, N.J.S.A. 2C:12-3(a), related to the June 21, 2017 incident. According to the Notice of Disposition, the municipal court found defendant not guilty of those charges on October 23, 2017.[2]

---

[2] Plaintiff attributes the favorable municipal disposition to her statement to the prosecutor that "she did not want to send the [d]efendant to prison because of the [parties'] . . . children." The record, however, does not contain a transcript of the municipal court proceeding and we are therefore unable to determine the proofs presented by the State, or the basis for the court's decision.

Nearly a year and a half later, on March 7, 2019, defendant filed a motion in the Family Part to vacate the FRO. Family Part Judge Carol Novey Catuogno heard oral argument on the application and placed her decision on the record.[3] The judge reviewed the relevant factors for dissolving a FRO, which are identified in Carfagno v. Carfagno, 288 N.J. Super. 424, 435 (Ch. Div. 1995), and found that defendant had not shown good cause to dissolve the order.

The judge also found that defendant had not shown he was entitled to relief from the FRO under Rules 4:49-1, 4:49-2, or 4:50-1. The judge entered an order denying the motion and this appeal followed.

II.

As best we can discern, on appeal defendant argues that the: (1) FRO should be dissolved because it was entered by default without proper service; (2) TRO and FRO were erroneously granted as plaintiff testified falsely and inconsistently at the FRO hearing; and (3) court failed to consider exculpatory

---

[3] Judge Farrington, who presided over the FRO hearing, was assigned to the Civil Division at the time defendant filed his request to dissolve the FRO. Accordingly, Judge Catuogno handled the application and appropriately reviewed the record including the transcript of the prior proceeding. See Kanaszka v. Kunen, 313 N.J. Super 600, 606-07 (App. Div. 1998) (holding that a judge who did not issue the final restraining order may nevertheless rule upon a motion to dissolve it so long as the judge reviewed the "complete record," including at a minimum, "all pleadings and orders, the court file, and a complete transcript of the final restraining order hearing").

evidence, disregarded that he was acquitted in the municipal court of simple assault, and "refused [his] right to speak." Having thoroughly considered these arguments in light of the record and the applicable law, we conclude defendant's arguments are without merit.

We note initially that the trial court's findings of fact are binding on appeal "if supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). An appellate court may not set aside a trial court's factual findings unless convinced the findings "are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Rova Farms, 65 N.J. at 484).

Moreover, an appellate court should defer to fact-finding by the Family Part because of that court's "special expertise in the field of domestic relations." Ibid. (citing Brennan v. Orban, 145 N.J. 282, 300-01 (1996)). However, we owe no deference to the trial court's ruling on an issue of law, which we review de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A-4605-18T1

III.

We reject plaintiff's initial argument that the FRO should be vacated because he was improperly served as unsupported by the record. We also reject his challenge to the court's factual findings as both procedurally defective under Rules 4:49-1, 4:49-2 and 4:50-1, and substantively without merit.

As to service of the TRO, defendant does not dispute that while he was incarcerated on the municipal charges, he was personally served with the TRO on June 26, 2017, which clearly indicated that the return date for the FRO hearing was scheduled for June 29, 2017. Defendant made no attempt to contact the court to seek an adjournment or reschedule the FRO hearing and the court appropriately proceeded in his absence. Defendant claims on appeal that his poor eyesight prevented him from noting the date for the hearing. We are satisfied from our review of the record that the TRO was properly served, and defendant had sufficient time and the ability to read the notice so that he could appear at the FRO hearing or submit a timely adjournment request to the court.

Instead, as noted, defendant waited over a year to seek relief from the FRO. As the court correctly recognized, although a motion for new trial "may be granted to all or any of the parties and as to all or part of the issues on motion made to the trial judge," Rule 4:49-1(a), any such application must be served

"not later than 20 days after the court's conclusions are announced in nonjury actions." R. 4:49-1(b). Similarly, a motion to alter or amend an order "shall be served not later than 20 days after service of the judgment or order upon all parties by the part obtaining it." R. 4:49-2. Here, defendant filed his application on March 7, 2019, one year and nine months after the issuance of the FRO. We agree with the judge that defendant was procedurally barred from relief under Rule 4:49-1 and Rule 4:49-2 for failure to file his application within the appropriate time frame.

Defendant was also procedurally barred from seeking relief under Rule 4:50-1. That Rule permits a court to grant a party relief from a final judgment or order for the following reasons:

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

A-4605-18T1

[R. 4:50-1.]

A motion for relief under Rule 4:50-1, however, must be made within a reasonable time and if based on the grounds detailed under subsections (a), (b), and (c), must also be made within a year after the judgment or order. R. 4:50-2.

A trial court's decision under Rule 4:50-1 should be given "substantial deference," and will not be reversed unless shown to be "a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)). Further, relief under subsection (f) is available "only when 'truly exceptional circumstances are present.'" Guillaume, 209 N.J. at 484 (quoting Little, 135 N.J. at 286). "The rule is limited to situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, 135 N.J. at 289).

Judge Catuogno did not err in finding defendant was not entitled to relief under Rule 4:50-1(a), (b), and (c). Again, the FRO was entered on June 29, 2017, and defendant did not seek relief within a year. For the same reason, the judge also did not err in concluding that defendant's one year and nine-month delay in filing his motion after he was made aware of the FRO was not reasonable under Rule 4:50-1(d), (e), and (f). Lee v. W.S. Steel Warehousing,

205 N.J. Super. 153, 156 (App. Div. 1985) (noting that a determination of reasonable time is dependent on "the totality of the circumstances"); Palko v. Palko, 73 N.J. 395, 398 (1977); ("A significant element in the timeliness of plaintiff's motion, noting the strictures of the rule, would consist of the date when plaintiff first discovered the facts underlying her application . . . ."); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 4:50-2 (2020).

Even if we were to assume that defendant submitted his application for relief from the FRO within a reasonable time, defendant failed to establish that relief was warranted due to "truly exceptional circumstances" or that a "grave injustice would occur" if relief was denied. Little, 135 N.J. at 289. Defendant was properly served and had notice of the FRO. As Judge Farrington found, plaintiff testified credibly that defendant assaulted her, and she remained fearful of him. Finally, Judge Catuogno noted "there's nothing that voids [the FRO] by operation of law, [subsection (e)] is not applicable in a final restraining order, [and there is] no other reason justifying relief from the operation of the judgment or order." The record supports those findings.

IV.

The court also correctly rejected defendant's challenges to the factual findings supporting the FRO. To secure a FRO under the PDVA, the plaintiff

must establish that the defendant committed a predicate act of domestic violence, as defined in N.J.S.A. 2C:25-19(a), and that a restraining order is required to protect the victim from further acts of domestic violence. Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). The predicate acts in N.J.S.A. 2C:25-19(a) include simple assault under N.J.S.A. 2C:12-1 and harassment under N.J.S.A. 2C:33-4. The PDVA allows the trial court to dissolve or modify a FRO upon good cause shown. N.J.S.A. 2C:25-29(d); Carfagno, 288 N.J. Super. at 434.

Defendant initially claims that the event that led to the issuance of the FRO was based on "fraud or misrepresentation" perpetuated by the plaintiff and that Judge Catuogno wrongfully disregarded a photograph that was "decisive proof" of his claim. We disagree. The record supports Judge Catuogno's finding that defendant failed to show good cause to dissolve the FRO under the standard set forth in Carfagno.

In Carfagno, the Chancery Division delineated eleven factors for courts to consider in evaluating whether "good cause" to vacate the restraining order has been demonstrated:

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times the defendant has been

convicted of contempt for violating the order; (5) whether the defendant has continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.

[Id. at 435.]

Here, the court conscientiously considered these factors and found that: (1) plaintiff had not consented to lift the restraining order; (2) plaintiff feared defendant; (3) the parties had no ongoing relationship; (4) defendant had no prior violations of the FRO and no contempt citations; (5) defendant did not present any evidence that he had abstained from either drugs or alcohol; (6) there was no evidence that defendant had been involved in violent acts with other persons; (7) defendant did not attend his court mandated batterers' intervention program; (8) defendant was at an advanced age of eighty-two years; (9) plaintiff acted in good faith; (10) there were no other restraining orders in effect; and (11) no other factor had been deemed relevant by the court.

In denying defendant's application, the court relied on the factual findings of assault as made by Judge Farrington, including the observed physical injuries,

11

plaintiff's lack of consent to lifting the restraints, defendant's failure to engage in the court ordered batterers' program and plaintiff's continued fear of defendant. As these findings are amply supported by the record, we are satisfied that the court did not abuse its discretion in denying defendant's application.

Defendant also seemingly argues that good cause exists because the municipal court judge found that the State had not proven beyond a reasonable doubt that defendant committed the criminal charge of assault. However, as Judge Catuogno recognized, the standard of proof for a criminal charge is proof beyond a reasonable doubt, whereas under the PDVA, the standard of proof for obtaining a FRO is preponderance of the evidence. N.J.S.A. 2C:25-29(a). The court correctly determined it was not bound by the findings of the municipal court judge in the criminal matter.

Indeed, in State v. Brown, 394 N.J. Super. 492, 504 (App. Div. 2007), we observed that the purposes of an action under the PDVA and a criminal action are distinctly different. We noted that an action in the Family Part under the PDVA is intended "to protect an individual victim," whereas in a criminal case, "the State prosecutes a defendant on behalf of the public interest." Ibid.

To the extent we have not addressed any of defendant's remaining arguments it is because we conclude they are without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4605-18T1