**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1625-19

GARY STREEPER,

    Petitioner-Appellant,

v.

STATE OF NEW JERSEY,

    Respondent-Respondent.

_____

Submitted June 30, 2021 – Decided March 8, 2022

Before Judges Accurso and DeAlmeida.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2005-11028.

Joel F. Abramson, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Cheryl A. Ward, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Petitioner Gary Streeper appeals from the November 8, 2019 order of a judge of compensation dismissing, as untimely filed, his application for review or modification of a compensation award. We vacate the order and remand.

## I.

Streeper is employed by the State. On April 15, 2003, he injured his right leg and knee in an accident at work. He subsequently filed a claim for workers' compensation benefits. The claim, which was assigned petition number 05-11028, was accepted by the State as compensable. Streeper subsequently received authorized medical treatment for his injuries. On September 8, 2008, the workers' compensation court entered a judgment approving a settlement of Streeper's claim for the 2003 incident.

Streeper subsequently sought additional medical treatment and compensation for his injuries. The State authorized right knee replacement surgery, follow-up medical treatment, and additional compensation. He last received temporary disability compensation for the 2003 incident on April 8, 2011, and last received payment for medical treatment for the 2003 incident on February 1, 2012.

On July 24, 2019, Streeper filed an application for review or modification of his award relating to the 2003 incident. He alleged the injuries to his right

leg and knee had worsened after entry of the judgment memorializing the settlement. He noted the right knee replacement surgery as evidence of his worsening condition.

The State filed an answer asserting that the workers' compensation court lacked jurisdiction to review Streeper's application because it was filed beyond the two-year statute of limitations. See N.J.S.A. 34:15-27 (providing that an application for review or modification of a compensation award must be filed within two years of the date when the injured person last received a payment on the award). The compensation court considered the State's assertion to be a motion to dismiss the application.

Streeper opposed the motion. He acknowledged that the application to review or modify the award relating to the 2003 incident was filed beyond the statutory limitations period. He argued, however, the judge of compensation should exercise her inherent authority to: (1) relax the two-year period established in N.J.S.A. 34:15-27 in the interest of justice and to effectuate the remedial purpose of the Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -146; (2) reopen the judgment relating to the 2003 claim on the basis of a mistake or for other good cause; or (3) amend a then-pending, timely filed, November 25, 2013 application for review or modification of an award he

received for a claim relating to injury he suffered in 2000 to include a request for review or modification of the award relating to the 2003 incident.

In support of his arguments, Streeper explained that in 2010 he had multiple compensation claims regarding distinct injuries simultaneously pending before the compensation court. Those claims included a petition he filed on March 7, 2002, for an injury to his left leg and knee in a work-related incident in 2000. That claim was assigned claim number 02-7846 and was settled in 2005, reopened in 2007, and settled again on February 7, 2009.

Streeper stated that when he sought additional medical treatment for his right leg and knee relating to the 2003 incident, he also sought additional medical treatment for his left leg and knee relating to the 2000 incident. The State provided the treatment requested for both injuries without the need to file an application for review or modification of either claim, even though both claims had, at that point, been settled. Streeper received a left knee replacement on October 20, 2010, two months prior to the replacement of his right knee.

According to Streeper, beginning in September 2010, at the direction of the Division of Workers' Compensation (Division), the additional medical treatment for both the 2000 incident and the 2003 incident were administered under a single petition number, 02-7846. He argued that the administrative

A-1625-19

treatment of the claims as a single claim left his counsel with the impression that both claims would in the future be treated as a single claim under petition number 02-7846. In addition, he noted that Horizon Casualty Services, the insurance company that administers the State's workers' compensation claims, assigned a single claim number in its records to the additional medical treatment relating to both the 2000 and 2003 incidents, including the knee replacements.

On November 25, 2013, Streeper's counsel filed an application for review or modification of final award under petition number 02-7846 intending it to apply to both the 2000 and 2003 incidents. The application, however, states that the injury at issue occurred on March 10, 2000, and was last settled on February 2, 2009. Those dates correspond to the 2000 incident. There is no indication on the face of the application that it applies to the award for the 2003 incident.

Streeper also submitted a "memo to file" dated September 28, 2010, in opposition to the motion. The memo, which was prepared by his counsel, states that "Horizon consolidated [Streeper's] two claim petitions under one claim number" and that he "discussed consolidating the two cases for and at the time of settlement" with a representative of the Division.

Streeper also submitted a January 9, 2018 "Memo to File" prepared by his counsel. That memo, written more than four years after the filing of the

A-1625-19

November 25, 2013 application, stated that during a telephone call that day a representative of the Division "informed me that the 2003 claim for C.P. 05-11028 Right Knee is OPEN . . . ."

Three months later, a Division investigator informed Streeper's counsel by email that "[t]he 2003 claim for R-Knee is unfortunately out of 2 years limit and it has been closed.  There is a judgment on this claim.  There is no re-opener in our system.  Mr. Streeper got his payment until 2011 and [h]e got treatment until 2012."[1]

The judge of compensation issued an oral opinion granting the State's motion.  She found that the July 24, 2019 application was filed more than seven years after Streeper's final receipt of a payment on February 1, 2012, long past the two-year statute of limitations set in N.J.S.A. 34:15-27.  The judge concluded she was without authority to depart from the two-year statute of limitations and dismissed Streeper's July 24, 2019 application for lack of jurisdiction.  As the judge explained:

> I am sorry, sir, but I have to grant a [m]otion to [d]ismiss for failure to provide a request to modify the prior award within the two-year statutory guidelines. It's clear to me that the statute –

---

[1] The term "reopener" appears throughout the record.  It appears to refer to an application for review or modification of a formal award.

A-1625-19

> I'm a statutory court. I'm not a court of anything else. I'm a statutory court. The statutory guidelines mandate that an [a]pplication for [r]eview or [m]odification must be filed within two years of the last benefit. The last benefit was in 2011.

Although apparently finding that Streeper's counsel was under the mistaken impression that the Division was administratively treating the claims relating to the 2000 incident and the 2003 incident together under petition number 02-7846, the judge concluded she lacked the authority to amend the November 25, 2013 application to include both claims. The judge, responding to Streeper's counsel's remark that he believed the two claims were being administered under a single petition number, stated:

> I believe that you genuinely thought that that's what was occurring. But, again, unfortunately, I am bound by the statutory guidelines.
>
> The last benefit paid on this claim was in 2012. The [a]pplication for [r]eview and [m]odification was not filed until August [sic] of 2019, seven years later; therefore, it is in violation of the statutory guidelines and I'm going to dismiss the claim.

This appeal follows. Streeper argues the judge of compensation erred when she failed to recognize and exercise her authority to correct his counsel's reasonable mistake by either reopening the judgment relating to the 2003 claim

7

or amending the November 25, 2013 application to include a request for review or modification of the formal award relating to the 2003 incident.

II.

"A judge of compensation's factual findings are entitled to substantial deference." Bellino v. Verizon Wireless, 435 N.J. Super. 85, 94 (App. Div. 2014). Our "review is limited to 'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole[.]'" Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). However, this court owes "no particular deference to the judge of compensation's interpretation of the law." Sexton v. Cty. of Cumberland, 404 N.J. Super. 542, 548 (App. Div. 2009).

The WCA compensates employees for personal injuries caused "by accident arising out of and in the course of employment . . . ." N.J.S.A. 34:15-7. Recovery under the WCA is "the exclusive remedy for an employee who sustains an injury in an accident that arises out of and in the course of employment." McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 490 (App. Div. 2011) (quoting Ahammed v. Logandro, 394 N.J. Super. 179, 190 (App. Div. 2007)). The Act "provide[s] a method of compensation for the injury or death

8

of an employee, irrespective of the fault of the employer or contributory negligence and assumption of risk of the employee." Harris v. Branin Transp., Inc., 312 N.J. Super. 38, 46 (App. Div. 1998).

After a compensation award has been issued, an injured employee may seek additional medical treatment and benefits when the incapacity caused by an injury increases. N.J.S.A. 34:15-27, however, places a limit on when such claims must be filed. The statute provides in relevant part:

> Upon the application of any party, a formal award, determination, judgment, or order approving settlement may be reviewed within two years from the date when the injured person last received a payment on the ground that the incapacity of the injured employee has subsequently increased.
>
> [N.J.S.A. 34:15-27.]

We have held that "[t]he two[-]year time limit mandated by N.J.S.A. 34:15-27 for submitting an application for review or modification is a jurisdictional requirement." Bey v. Truss Sys., Inc., 360 N.J. Super. 324, 327 (App. Div. 2003). "The Workers' Compensation Court is an administrative court, not a constitutional court. Its jurisdiction is limited to that granted by the Legislature and therefore 'cannot be inflated by consent, waiver, estoppel or judicial inclination.'" Id. at 327 (quoting Riccioni v. Am. Cyanamid Co., 26 N.J. Super. 1, 5 (App. Div. 1953)).

A-1625-19

The holding in <u>Bey</u> is the prevailing general principle regarding the timeliness of an application for review or modification of formal compensation awards. We agree, however, with Streeper's argument that the legal inquiry does not end there. Our precedents also recognize that "there are exceptional circumstances that militate against blindly applying" limitations periods in the WCA. <u>Camp v. Lockheed Elec., Inc.</u>, 178 N.J. Super. 535, 546 (App. Div. 1981). When warranted by the facts and necessary to effectuate the remedial purposes of the WCA, a judge of compensation may depart from "the coldly literal import" of statutory time limits. <u>See</u> <u>Barr v. Pascack Valley Hosp.</u>, 155 N.J. Super. 504, 511 (App. Div. 1978) (quoting <u>Paul v. Baltimore Upholstering Co.</u>, 66 N.J. 111, 136 (1974)).

The holding in <u>Camp</u> was predicated on our earlier decision in <u>Hyman v. Essex Cty. Carpet Cleaning Co.</u>, 157 N.J. Super. 510, 513-16 (App. Div. 1978). There, a judge of compensation determined that a judgment he entered several years earlier did not properly reflect his determination that the employee was permanently disabled. When the employee filed an application for review or modification of his award after expiration of the two-year period in N.J.S.A. 34:15-27, the judge issued an amended judgment declaring the employee permanently disabled. <u>Id.</u> at 514-15. The employer objected, arguing that the

compensation court lacked authority to review or modify the judgment because the employee's application had been filed outside the statutory period in N.J.S.A. 34:15-27, as well as that in N.J.S.A. 34:15-54, which established a one-year period in which to seek to reopen a judgment.  Id. at 515.

We rejected the employer's argument, finding we had "no doubt at all" that the compensation court "has the authority to open its judgments to correct a mistake . . . ."  Id. at 516.  We continued,

> [i]rrespective of the absence of express statutory authority and a one-year limitation imposed upon such a reopening in certain circumstances, N.J.S.A. 34:15-54, it is abundantly clear that the Division has the inherent power "comparable to that possessed by the courts ([R. 4:50]), to reopen judgments for fraud, mistake, inadvertence, or other equitable ground."
>
> On the other hand, it is equally clear that a decision to reopen must not be arbitrary or based on whim.  The presence of a legally adequate motivating element must be manifest.
>
> [Ibid. ]

We held that when the compensation court considers requests to reopen a judgment to correct a mistake, "attention to the equities involved is imperative."  Ibid.

In Camp, an employee filed a petition seeking compensation for injuries suffered in a fall.  178 N.J. Super. at 539.  She was also injured a few months

later in a motor vehicle accident on her way home from authorized medical treatment related to the fall. Id. at 540. Her petition was not amended to seek compensation for injures related to the accident. Id. at 539. At the time, whether injuries suffered in an accident while returning from medical treatment were compensable was an unresolved question. Id. at 543. After a hearing, the judge of compensation determined that the employee, although injured in the fall, did not have a permanent disability from that incident alone. The judge found that the injuries the employee suffered in the fall were aggravated by the car accident, which may have contributed to any disability she suffered. Id. at 541.

On appeal, we concluded that judge of compensation's conclusion regarding an absence of permanent disability was not supported by the medical evidence adduced at the hearing. Id. at 542. In addition, because both the fall and the accident contributed to the disability, we exercised our original jurisdiction and decided injuries suffered in an accident on the way home from authorized medical treatment related to a different compensable incident are themselves compensable. Id. at 543-54.

As a result of this conclusion, we were faced with the question of "whether petitioner is now time barred from alleging that the . . . accident was

compensable. N.J.S.A. 34:15-51 provides that the claim must be filed within two years of the accident . . . ." Id. at 546. We concluded that

> [i]t is indubitable that had petitioner's attorney recognized that the second accident was compensable, he would have amended the petition below to include it. It also must be assumed that the judge below did not recognize the compensability of the auto collision, else he should have raised it in the interest of justice.
>
> [Id. at 545.]

We determined that the omission by the petitioner's counsel was a mistake that was within the inherent power of the court to correct. "Here there was an apparent mistake not to allege compensability of the auto accident." Id. at 547. Because the auto accident was not "a new accident requiring a new petition but rather a change in [the petitioner's] condition flowing" from the fall, we held that the court of compensation should have permitted an amendment of the original petition, despite the expiration of the statutory filing deadline. Id. at 547-48.

In light of these precedents, the judge of compensation erred when she concluded that she lacked the authority to consider whether Streeper's counsel's purported mistake with respect to the administrative consolidation of the two claims warrants either reopening the September 8, 2008 judgment on the 2003 claim or amending the November 25, 2013 application for review or

modification to include both the 2000 and 2003 claims. We remand for the judge of compensation to undertake that review with consideration of both the facts and equities in light of the remedial purpose of the WCA.

We do not express a view with respect to whether Streeper's request for relief is warranted. We note, however, that the State does not dispute that it provided additional medical treatment, including two knee replacements, relating to both the 2000 incident and the 2003 incident without the need to reopen either claim, both of which had been resolved through entry of judgments. Nor does the State dispute that medical treatment for both sets of injuries was provided at the same time and under a single claim number by the State's insurance carrier.

Streeper's counsel claims he was instructed by Division personnel to treat the two claims under one docket number, that his objections to this approach were rejected by the Division, that he was instructed by the Division to seek consolidation of the two claims at the time of settlement of his application for review or modification, and that more than four years after the filing of the November 25, 2013 application, a Division representative informed him that the 2003 claim was open. The veracity of these representations, which, if proven true are critical to the legal analysis, should be determined on remand.

14

The judge of compensation should also determine what transpired between the parties in the period between the filing of the November 25, 2013 application and the 2018 email from a Division representative expressing the opinion that the statute of limitations barred review of the 2003 claim. It is not clear from the record whether, during that nearly five-year period, Streeper pursued, without objection from the State, review or modification of the award relating to both the 2000 and 2003 claims.

The November 8, 2019 order is vacated and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION