ANGEL LOUIS TORRES, BY HIS GUARDIAN AND NATURAL PARENT, KENNY SURANO TORRES, PETITIONER-APPELLANT, v. TRENTON TIMES NEWSPAPER, RESPONDENT-RESPONDENT.

Argued April 23, 1973—Reargued March 5, 1974—Decided April 2, 1974.

Mr. *Bryce S. Chase* argued the cause for petitioner-appellant (*Messrs. Meredith, Meredith & Chase*, attorneys).

Mr. *Roland R. Formidoni* argued the cause for respondent-respondent (*Messrs. McLaughlin, Dawes & Abbotts*, attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. Petitioner, a newsboy delivering papers for respondent, was injured while servicing his route.

He filed a claim petition for compensation with the Division of Workmen's Compensation and was awarded six and one-seventh weeks temporary disability benefits, and forty-five weeks permanent partial disability benefits for the 15% loss of the use of his right arm. The Division found that petitioner earned approximately $7.75 per week for seven hours part-time work. It refused to construct a work week greater than the hours actually worked by petitioner and, instead, awarded compensation at the minimum statutory rate based on petitioner's actual $7.75 weekly wage.[1]

---

[1] Under the Workmen's Compensation Act, compensation benefits are based on the employee's weekly wage. *N. J. S. A.* 34:15-37. Petitioner had urged that benefits awarded him be calculated not on his actual weekly wages, but rather on a constructed weekly wage based on a full work week of 40 hours. This would have entitled petitioner to substantially higher benefits.

The award amounted to $15 per week temporary disability benefits, and $10 per week permanent partial disability benefits. On appeal the County Court likewise refused to construct a full work week for petitioner and again awarded compensation based on the minimum rates. However, it also held that respondent had violated provisions of the child labor statutes by failing to keep proper records of petitioner's employment, and therefore petitioner was entitled to compensation in double the amount found to be payable. See *N. J. S. A.* 34:15–10.

Petitioner appealed to the Appellate Division from that portion of the County Court decision which held that he was not entitled to a benefit rate based on a constructed wage for a full work week. Respondent elected not to appeal from the finding of a child labor law violation and the award of double compensation. The Appellate Division affirmed for the reasons set forth in the County Court's opinion. This Court granted certification. 62 *N. J.* 199 (1973).

On the present appeal petitioner challenges only that part of the award relating to permanent partial disability benefits, and then only as to the rate of weekly compensation used. The extent of permanent partial disability is not in issue.

As heretofore noted, in awarding permanent partial disability benefits the County Court had allowed petitioner the minimum statutory rate of $10 weekly based on petitioner's actual wages of $7.75 per week. The court refused to construct a weekly wage based on a full work week, holding that a newsboy's work is inherently part-time and cannot be considered in terms of a full work week. As an additional ground, the court noted that petitioner was of school age and the law did not permit him to work full time.

We are concerned about the manifest unfairness of basing a compensation award for permanent partial disabiilty suffered by a newsboy upon the few dollars he received as wages for his part-time work. The award is intended to compensate him for his loss of earning capacity, *i. e.,* diminution of fu-

ture earning power. See 2 *Larson, Workmen's Compensation Law*, § 60.21, pp. 88.200–201 (1970).

In fixing permanent disability benefits for this loss or diminution, the newsboy's future wage expectancy should be taken into consideration. Otherwise, the plain intent of the statute would be negated. To this extent, the fact that a newsboy's work happens to be essentially part-time, and that petitioner herein was of school age, is immaterial.

Some twenty-nine of our sister jurisdictions have dealt with the problem by enacting legislation which bases permanent partial disability benefits for an injured minor, not on actual earnings, but rather on some form of constructed weekly wage. For example, see New York (*Workmen's Comp. Law*, § 14(5) (*McKinney's* 1965)); California (*Labor C. A.*, § 4455); Massachusetts (*Ann. Laws Mass.*, c. 152 § 51); Michigan (*Mich. S. A.* § 17.237 (359)).

█ Our Workmen's Compensation Act has no specific provision for a newsboy or other minor who works only a few hours a week in a part-time job and suffers partial or total permanent disability as a result of a work-connected accident. However, our courts have been mindful that the Workmen's Compensation Act is remedial social legislation and should be given liberal construction in order that its beneficent purposes may be accomplished. Accordingly, in applying *N. J. S. A.* 34:15–37 we have constructed a wage based on a full work week when compensation based on an employee's earnings from part-time employment at the time of the accident would result in an injustice. *Mahoney v. Nitroform Co.*, 20 *N. J.* 499 (1956); *Maver v. Dwelling Managers Co.*, 34 *N. J.* 440 (1961); *Engelbretson v. American Stores*, 49 *N. J. Super.* 19 (App. Div. 1957), affirmed 26 *N. J.* 106 (1958).

In these cases we recognized that the statute speaks in terms of "an ordinary week in the character of the work involved." Nevertheless, we converted part-time employment

into a full work week in situations where there was contemporaneous full-time employment in other work, or a potential for full-time employment in the line or type of work in which the particular employee was engaged. We held that the statute permitted this since its object was to compensate the employee for the future economic loss incident to the accident. 2 *Larson, Workmen's Compensation Law, supra,* § 60.11, p. 88.189, states the principle this way:

\* \* \* The entire objective of wage calculation is to arrive at a fair approximation of claimant's probable future earning capacity. His disability reaches into the future, not the past; his loss as a result of injury must be thought of in terms of its impact on probable future earnings, perhaps for the rest of his life.

■ This same rationale applies here. Newsboys and other minors engaged in part-time employment outside school hours possess a unique status in their entitlement to workmen's compensation benefits for permanent disability. They must be presumed to have a potential for full employment. If the statutory purpose is to be served, adequate compensation for the diminution of future earning capacity should include that potential. The fact that they happen to be engaged in essentially part-time work is immaterial.

■ Our conclusion is that compensation for petitioner's permanent partial disability is to be calculated on the basis of a full work week of forty hours using for an hourly rate petitioner's actual weekly wages ($7.75) divided by seven, the number of hours per week petitioner worked. This results in a constructed weekly wage of $44.28 and entitles petitioner to a rate of $30 per week for his permanent partial disability.

The judgment of the Appellate Division is modified and the matter remanded to the Division of Compensation for entry of a judgment pursuant to this opinion, including a provision for compensation in double the amount found to be payable.

*For modification and remandment* — Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—5.