199 N.J. Super. 186 (1985)
488 A.2d 1068
ROSE RUSSELL, PETITIONER-APPELLEE,
v.
SADDLE BROOK RESTAURANT CORP., D/B/A BURGER KING, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 13, 1985.
Decided March 4, 1985.
*187 Before Judges MICHELS, PETRELLA and BAIME.
Daniel J. Pomeroy argued the cause for appellant (Connell, Foley & Geiser, attorneys; George J. Kenny, of counsel; Patrick J. McAuley, on the brief).
Allen S. Goldberger argued the cause for appellee (Goldberger, Mandell, Seligsohn, O'Connor and Rhatican, attorneys; Allen S. Goldberger, of counsel and on the brief).
The opinion of the Court was delivered by MICHELS, P.J.A.D.
Respondent-employer Saddle Brook Restaurant Corp., d/b/a Burger King, appeals from an order of the Division of Workers' Compensation awarding petitioner-employee Rose Russell temporary disability benefits at the rate of $68 per week and directing that respondent also retroactively pay petitioner the difference between the temporary disability rate that it had been paying of $50.40 per week and the $68 per week rate. Judge Feeley of the Division held that the compensation due petitioner, an injured part-time employee, was subject to the *188 minimum temporary disability rate established by N.J.S.A. 34:15-12(a). We agree and affirm.
It is fundamental that "`the meaning of a statute must ... be sought in the language in which the act is framed, and if that is plain ... the sole function of the courts is to enforce it according to its terms.'" Sheeran v. Nationwide Mutual Insurance Company, Inc., 80 N.J. 548, 556 (1979) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). See State v. Maguire, 84 N.J. 508, 528 (1980); Vreeland v. Byrne, 72 N.J. 292, 302 (1977); DeHart v. Bambrick, 177 N.J. Super. 541, 549 (App.Div. 1981). See also 2A Sutherland, Statutes and Statutory Construction, sec. 46.01, at 73 (4th Ed. 1984). This principle applied here leaves no room for judicial interpretation. N.J.S.A. 34:15-12(a) provides:
a. For injury producing temporary disability, 70% of the worker's weekly wages received at the time of the injury, subject to a maximum compensation of 75% of the average weekly wages earned by all employees covered by the Unemployment Compensation Law (R.S. 43:21-1 et seq.) and a minimum of 20% of such average weekly wages a week. This compensation shall be paid during the period of such disability, not however, beyond 400 weeks. The amount of the maximum compensation shall be computed, determined, rounded out to the nearest dollar, and promulgated by the Commissioner of Labor and Industry on or before September 1 in each year based on said average weekly wages as of the calendar year preceding, and shall be effective as to injuries occurring in the calendar year following, such promulgation. In any year in which the maximum benefit rate based upon said computation would not be increased or decreased beyond $1.00 in amount, the rate promulgated theretofore shall continue.
The plain language of N.J.S.A. 34:15-12(a) requires the Division Judge to calculate a rate of compensation based on 70% of the injured worker's weekly wage and then to compare that rate with the statutory maximum of 75% of the state-wide average weekly wage and the statutory minimum of 20% of such state-wide average weekly wage. Any award for temporary disability must fall within this range. Here, the parties stipulated that petitioner worked 20 hours a week and earned $3.60 per hour for a gross wage of $72 per week and that the state-wide average weekly wage, as promulgated by the Commissioner *189 of Labor and Industry, was $339.69. Utilizing the state-wide average weekly wage of $339.69, the possible range of any award to petitioner for temporary disability benefits would be between a $68 minimum and a $255 maximum. Based on petitioner's weekly wage of $72, her temporary disability benefits would amount to 70% of that amount, or $50.40, which is below the minimum provided by the statute. In these circumstances, the Division Judge properly applied the minimum disability rate of $68 based on the state-wide average weekly wage.
Contrary to respondent's claim, the 1979 amendment to the definition of wages contained in N.J.S.A. 34:15-37 [L. 1979, c. 283, § 13, effective January 10, 1980] does not preclude calculating temporary disability benefits in accordance with the schedule set forth in N.J.S.A. 34:15-12(a). N.J.S.A. 34:15-37 now provides:
"Wages," when used in this chapter shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident.... When the rate of wages is fixed by the hour, the daily wage shall be found by multiplying the hourly rate by the customary number of working hours constituting an ordinary day in the character of the work involved. In any case the weekly wage shall be found by multiplying the daily wage by the customary number of working days constituting an ordinary week in the character of the work involved; provided, however, if the employee worked less than the customary number of working days constituting an ordinary week in the character of the work involved the weekly wage for the purpose of compensation under provisions of R.S. 34:15-12a only shall be found by multiplying the hourly rate by the number of hours of work regularly performed by that employee in the character of the work involved. . .. [Emphasis supplied].
Prior to the adoption of the 1979 amendment the definition of "weekly wage" contained in N.J.S.A. 34:15-37 was limited as follows:
In any case, the weekly wage shall be found by multiplying the daily wage by 5, or if the employee worked a greater proportion of the week regularly, then by 5 1/2, 6, 6 1/2 or 7, according to the customary number of working days constituting an ordinary week in the character of the work involved. Five days shall constitute a minimum week.
Thus, the disabled employee's compensation rate was calculated by first translating the part-time employee's actual wage into a *190 full-time employee's wage. Then the statutory percentage contained in N.J.S.A. 34:15-12(a) was applied to arrive at the appropriate rate of compensation.
Our cases held that the prior statute permitted such construction since its object was to compensate the employee for future economic loss incident to an accident. See Torres v. Trenton Times Newspaper, 64 N.J. 458, 461-462 (1974). This analysis complied with the policy objectives discussed by our Supreme Court in Torres v. Trenton Times Newspaper, supra, as follows:
* * * The entire objective of wage calculation is to arrive at a fair approximation of claimant's probable future earning capacity. His disability reaches into the future, not the past; his loss as a result of injury must be thought of in terms of its impact on probable future earnings, perhaps for the rest of his life. [at 462, quoting from 2 Larson, Workmen's Compensation Law, sec. 60.11, at 88.189 (1979)].
The 1979 amendment to N.J.S.A. 34:15-37 changed this analysis by precluding projection of the part-time earnings rate into a full-time weekly wage. By virtue of the amended statute, the compensation rate is calculated on the basis of the part-time employee's actual part-time weekly wage, as defined in N.J.S.A. 34:15-37, without first translating the actual wage into a full-time wage. Once the compensation rate is calculated, the compensation rate must then be compared with the statutory minimum and maximum benefits contained in N.J.S.A. 34:15-12(a). Thus, by eliminating the need to translate a part-time employee's actual wage into a full-time wage and by maintaining minimum and maximum statutory compensation rates and increasing the minimum temporary disability compensation available from $15.00 to 20% of the average weekly wage, the Legislature
* * * put significantly more money into the hands of the more seriously injured workers while providing genuine reform and meaningful cost containment for New Jersey employers from unjustified workers' compensation costs that are presently among the highest in the nation. [N.J. SENATE LABOR AND INDUSTRIAL PROFESSIONS COMMITTEE, Joint Statement to Senate Committee Substitute for Senate No. 802, and Assembly Committee Substitute for Assembly No. 840 (November 13, 1979).
*191 We conclude that the Division Judge properly interpreted N.J.S.A. 34:15-12(a) in light of the 1979 amendment to the definition of wages contained in N.J.S.A. 34:15-37. Accordingly, the order under review is affirmed.