DOROTHY MCMONEGAL, PETITIONER-RESPONDENT, v. E & B
MANAGEMENT CORPORATION, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 17, 1986—Decided December 11, 1986.

Before Judges MORTON I. GREENBERG, R.S. COHEN and GRUCCIO.

*George J. Kenny* argued the cause for appellant (*Connell, Foley & Geiser,* attorneys; *George J. Kenny,* of counsel and *Frank A. Lattal,* on the brief).

*Brian C. Bartlett* argued the cause for respondent.

The opinion of the court was delivered by

R.S. COHEN, J.A.D.

This appeal concerns the proper rate at which petitioner Dorothy McMonegal is to be paid Workers' Compensation benefits for her work-connected permanent partial disability. The Division of Workers' Compensation ruled that she should be paid at the rate of $145 per week, a rate higher than her gross wages at the time of her injury. The employer appealed to this court, arguing that petitioner was entitled to only $78.75 per week in benefits. We agree in part and therefore reverse.

The facts are simple. Petitioner worked 30 hours per week and earned $112.50. From her work-connected injury, the parties agreed, petitioner suffered 48% permanent partial disability and thus should be paid 288 weeks of compensation. They also agreed that the Statewide Average Weekly Wages (SAWW) for the purposes of *N.J.S.A.* 34:15–12 were $289.30.

Before enactment of the 1979 amendments to the Workers' Compensation Law, *L.* 1979, *c.* 283, § 5, eff. January 10, 1980, permanent partial disability was compensated at a weekly benefit of 66⅔% of wages, with a maximum of $40 and a minimum of $10 per week. After the amendments, calculation of benefits became more complicated. Newly introduced was the concept of Statewide Average Weekly Wages (SAWW) as a factor in the calculation of the maximum limit on benefits. As amended,

*N.J.S.A.* 34:15–12c contains two separate systems of calculation of maximum benefits, depending on whether injury took place before or after the beginning of 1982. The statutory section is set out in its entirety in an appendix following this opinion.

The Division decided that the statutory pattern introduced in the 1979 amendment could be administered only by disregarding its early language, "shall be paid based upon 70% of the weekly wages," and by measuring weekly benefits exclusively by the percentages of SAWW, which are expressed by the statute as "maximum compensation per week." The result of the Division's reading is that benefits would be payable to every worker suffering the same permanent partial disability at the same weekly rate, without regard to wages before injury. We disagree with this reading of the statute.

One dispositive reason for our disagreement is that the amended statute follows the same form as its predecessor in measuring weekly compensation by a percentage of weekly wages and then by creating upper and lower limits. Now, the upper limit is a percentage of SAWW which increases with the severity of the injury and the degree of permanent partial disability. The manner of expression of that upper limit does not supplant the fully expressed measuring formula which precedes it in the statute, of 70% of weekly wages. Without compelling reason to do so, we cannot ignore the existence of plain statutory language.

Second, the abandonment of individual wages as a measure of compensation in favor of equal benefits for every worker with the same disability would be a major change in the Workers' Compensation Law. There is nothing in the statutory history of the 1979 amendments which demonstrates that the Legislature intended such a change. Moreover, there is no reason related to the thrust of the 1979 amendments to ignore individual wages as a measure of disability benefits. *See Russell v. Saddle Brook Restaurant Corp.*, 199 *N.J.Super.* 186 (App.Div.1985).

■ The statute does not, as the Division concluded, contradict itself. A worker's weekly benefit for permanent partial disability is to be calculated as 70% of individual weekly wages as limited by *N.J.S.A.* 34:15–37; only after making that calculation does one apply the minimum limit of $35 and the maximum limit, which is a percentage of SAWW determined by reference to the statutory table which provides a scale of percentages which increases with the severity of the disability. Thus a worker disabled to the extent of 48% is entitled to disability benefits of 48% of 600 weeks or 288 weeks. The statutory maximum weekly compensation applicable to such a disability is 50% of SAWW, or, in this period of time, $145. But that maximum does not measure the benefit offered to every worker, regardless of individual income. Its sole role is to provide an upper limit on benefits.

In order to resolve this case, we must determine what were petitioner's wages. She worked 30 hours per week for $112.50. Her wages for calculation of statutory benefits are as defined by *N.J.S.A.* 34:15–37. Prior to the 1979 amendments, that section was applied to part-time workers by the construction of a wage rate based on a full work week when there was a potential for full-time employment in the line of work in which the employee was engaged. That was in order to compensate the employee for the full-time economic loss incident to the work injury, and was based on the presumption that the worker had a potential for full employment. *See Torres v. Trenton Times Newspaper,* 64 *N.J.* 458, 461–462 (1974).

In the 1979 amendment to *N.J.S.A.* 34:15–37, such wage reconstruction was expressly outlawed for calculation of temporary disability payments under *N.J.S.A.* 34:15–12a. *Russell v. Saddle Brook Restaurant Corp., supra.* The amendment to *N.J.S.A.* 34:15–37 left undisturbed the remainder of the statutory language which for years had been construed to authorize wage reconstruction for calculation of wages for determination of benefits for partial permanent disability. The Legislature must therefore be taken to have decided not to alter that

practice and, thus, the rule of *Torres v. Trenton Times Newspaper, supra,* survives.

■ The employer does not question the petitioner's capacity to work a full 40 hour week in the absence of her compensable injury. Her $3.75 per hour pay should therefore produce a wage rate of $150 and a weekly benefit for partial permanent disability of $105.

We reverse the order of the Division of Workers' Compensation and remand the matter to the Division for entry of a new Order Approving Settlement awarding the petitioner 288 weeks of compensation for her partial permanent disability at the rate of $105, for a total of $30,240, less so much thereof as has already been paid. A counsel fee of $3500, calculated on the amount of the award less the tender of $13,075, will be paid, $1400 by the petitioner and $2100 by the respondent. All of the other terms of the Order shall remain the same.

### APPENDIX

**34:15–12. Schedule of payments**
Following is a schedule of compensation:

\* \* \* \*

c. For disability partial in character and permanent in quality, weekly compensation shall be paid based upon 70% of the weekly wages received at the time of the injury, subject to a maximum compensation per week of $40.00 per week 75% of the statewide average weekly wages (SAWW) earned by all employees covered by the Unemployment Compensation Law (R.S. 43:21–1 et seq.) and paid in accordance with the following "Disability Wage and Compensation Schedule" and a minimum of $10.00 $35.00 per week in accordance with the following "Wage and Compensation Schedule". The amount of awards for up to and including 180 weeks shall remain at the amounts listed in the "Disability Wage and Compensation Schedule" until January 1, 1982. On January 1, 1982, the dollar amounts listed for the first 180 weeks in the "Disability Wage and Compensation Schedule" shall be replaced by the following percentages of the statewide average weekly wage:

| | |
|---|---|
| $47—20% of the statewide average weekly wages, hereinafter referred to as "SAWW" | $61—26% SAWW |
| | $63—27% SAWW |
| | $66—28% SAWW |
| | $68—29% SAWW |
| $49—21% SAWW | $70—30% SAWW |
| $51—22% SAWW | $73—31% SAWW |
| $54—23% SAWW | $75—32% SAWW |
| $56—24% SAWW | $77—33% SAWW |
| $59—25% SAWW | $80—34% SAWW |
| | $82—35% SAWW |

In the event that the 20% limitation for attorney fees as set forth in R.S. 34:15–64 is reduced to a maximum of 10% before January 1, 1982, the above schedule shall be effective within 60 days of such reduction in attorney fees. All amounts in the "Disability Wage and Compensation Schedule" shall be rounded out to the nearest dollar. When a claim petition alleges more than one disability, the number of weeks in the award shall be determined and entered separately for each such disability and the number of weeks for each disability shall not be cumulative when entering an award.

## DISABILITY WAGE AND COMPENSATION SCHEDULE

| Weeks of Allowable Compensation | Maximum Weekly Compensation Applicable |
|---|---|
| First 90 weeks | $47 |
| 91 through 96 weeks | $49 |
| 97 through 102 weeks | $49 for the first 96 weeks<br>then $51 for each remaining week |
| 103 through 108 weeks | $49 for the first 96 weeks<br>then $51 for the next 6 weeks<br>then $54 for each remaining week |
| 109–114 weeks | $49 for first 96 weeks<br>then $51 for the next 6 weeks<br>then $54 for the next 6 weeks<br>then $56 for each remaining week |
| 115–120 weeks | $49 for the first 96 weeks<br>then $51 for the next 6 weeks<br>then $54 for the next 6 weeks<br>then $56 for the next 6 weeks<br>then $59 for each remaining week |
| 121–126 weeks | $49 for the first 96 weeks<br>then $51 for the next 6 weeks<br>then $54 for the next 6 weeks<br>then $56 for the next 6 weeks<br>then $59 for the next 6 weeks<br>then $61 for each remaining week |
| 127–132 weeks | $49 for the first 96 weeks<br>then $51 for the next 6 weeks<br>then $54 for the next 6 weeks<br>then $56 for the next 6 weeks<br>then $59 for the next 6 weeks<br>then $61 for the next 6 weeks<br>then $63 for each remaining week |
| 133–138 weeks | $49 for the first 96 weeks<br>then $51 for the next 6 weeks<br>then $54 for the next 6 weeks<br>then $56 for the next 6 weeks<br>then $59 for the next 6 weeks<br>then $61 for the next 6 weeks<br>then $63 for the next 6 weeks<br>then $66 for each remaining week |
| 139–144 weeks | $49 for the first 96 weeks<br>then $51 for the next 6 weeks<br>then $54 for the next 6 weeks<br>then $56 for the next 6 weeks<br>then $59 for the next 6 weeks<br>then $63 for the next 6 weeks<br>then $66 for the next 6 weeks<br>then $68 for each remaining week |
| 145–150 weeks | $49 for the first 96 weeks<br>then $51 for the next 6 weeks<br>then $54 for the next 6 weeks |

| | |
|---|---|
| 145–150 weeks (Cont'd) ................. | then $56 for the next 6 weeks |
| | then $59 for the next 6 weeks |
| | then $61 for the next 6 weeks |
| | then $63 for the next 6 weeks |
| | then $66 for the next 6 weeks |
| | then $68 for the next 6 weeks |
| | then $70 for each remaining week |
| 151–156 weeks ........................ | $49 for the first 96 weeks |
| | then $51 for the next 6 weeks |
| | then $54 for the next 6 weeks |
| | then $56 for the next 6 weeks |
| | then $59 for the next 6 weeks |
| | then $61 for the next 6 weeks |
| | then $63 for the next 6 weeks |
| | then $66 for the next 6 weeks |
| | then $68 for the next 6 weeks |
| | then $70 for the next 6 weeks |
| | then $73 for each remaining week |
| 157–162 weeks ........................ | $49 for the first 96 weeks |
| | then $51 for the next 6 weeks |
| | then $54 for the next 6 weeks |
| | then $56 for the next 6 weeks |
| | then $59 for the next 6 weeks |
| | then $61 for the next 6 weeks |
| | then $63 for the next 6 weeks |
| | then $66 for the next 6 weeks |
| | then $68 for the next 6 weeks |
| | then $70 for the next 6 weeks |
| | then $73 for the next 6 weeks |
| | then $75 for each remaining week |
| 163–168 weeks ........................ | $49 for the first 96 weeks |
| | then $51 for the next 6 weeks |
| | then $54 for the next 6 weeks |
| | then $56 for the next 6 weeks |
| | then $59 for the next 6 weeks |
| | then $61 for the next 6 weeks |
| | then $63 for the next 6 weeks |
| | then $66 for the next 6 weeks |
| | then $68 for the next 6 weeks |
| | then $70 for the next 6 weeks |
| | then $73 for the next 6 weeks |
| | then $75 for the next 6 weeks |
| | then $77 for each remaining week |
| 169–174 weeks ........................ | $49 for the first 96 weeks |
| | then $51 for the next 6 weeks |
| | then $54 for the next 6 weeks |
| | then $56 for the next 6 weeks |
| | then $59 for the next 6 weeks |
| | then $61 for the next 6 weeks |
| | then $63 for the next 6 weeks |
| | then $66 for the next 6 weeks |
| | then $68 for the next 6 weeks |
| | then $70 for the next 6 weeks |
| | then $73 for the next 6 weeks |
| | then $75 for the next 6 weeks |

| | |
|---|---|
| 169–174 weeks (Cont'd) ................. | then $77 for the next 6 weeks |
| | then $80 for each remaining week |
| 175–180 weeks ........................ | $49 for the first 96 weeks |
| | then $51 for the next 6 weeks |
| | then $54 for the next 6 weeks |
| | then $56 for the next 6 weeks |
| | then $59 for the next 6 weeks |
| | then $61 for the next 6 weeks |
| | then $63 for the next 6 weeks |
| | then $66 for the next 6 weeks |
| | then $68 for the next 6 weeks |
| | then $70 for the next 6 weeks |
| | then $73 for the next 6 weeks |
| | then $75 for the next 6 weeks |
| | then $77 for the next 6 weeks |
| | then $80 for the next 6 weeks |
| | then $82 for each remaining week |
| 181–210 weeks ........................ | 35% of the Statewide average weekly wages, hereinafter referred to as "SAWW" |
| 211–240 weeks ........................ | 40% of SAWW |
| 241–270 weeks ........................ | 45% of SAWW |
| 271–300 weeks ........................ | 50% of SAWW |
| 301–330 weeks ........................ | 55% of SAWW |
| 331–360 weeks ........................ | 60% of SAWW |
| 361–390 weeks ........................ | 65% of SAWW |
| 391–420 weeks ........................ | 70% of SAWW |