**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2650-18T3

ESPERANZA CALERO,

     Petitioner-Respondent,

v.

TARGET CORPORATION,

     Respondent-Appellant.

_____

Submitted May 11, 2020 – Decided June 10, 2020

Before Judges Rothstadt and Moynihan.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2013-028255.

Cipriani & Werner, PC, attorneys for appellant (Edward C. Kein, on the briefs).

Wysoker, Glassner, Weingartner, Gonzalez & Lockspeiser, PA, attorneys for respondent (Allan L. Lockspeiser, on the brief).

PER CURIAM

Target Corporation appeals from the January 16, 2019 order entered by a judge of compensation amending an August 23, 2016 order approving a settlement. After granting Target's former employee, Esperanza Calero's motion for reconsideration in July 2018, the judge held a hearing and then entered the 2019 order reconstructing Calero's wages and award that were established in the 2016 order. On appeal, Target contends, for the first time, that "doctrines concerning fairness and public policy require" that this action be dismissed.[1] In the alternative, it argues that the 2019 order "was erroneous and . . . contrary to statutory and case law" and "should be reversed." We affirm.

The facts gleaned from the record are summarized as follows. Calero sustained a work-related injury while employed by Target. Thereafter, the parties initially filed contesting pleadings, but on August 24, 2016, they settled Calero's claim. The order approving settlement established a twenty-five percent partial disability, a stipulated weekly wage of $276.17, and a

---

[1] Without explanation, Target's first point, as stated in its table of contents, about "fairness and public policy," which it concedes was not raised below, does not appear later in the brief. It is replaced by the argument that the vacating of the order was against statutory and case law. We therefore do not consider the argument identified in the table of contents. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (addressing arguments not raised before the trial judge); see also N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

permanency rate not to exceed $193.32.  The settlement was placed on the record before the judge of compensation, and an order approving settlement was signed by the judge and both parties.

In December 2016, after securing new counsel, Calero filed a motion for reconsideration of the order.  In her motion, Calero argued that her wages were calculated incorrectly at the time the earlier order was entered.  In support of her application, Calero submitted wage statements demonstrating her wages were higher than contemplated in the order approving settlement.  Citing to Katsoris v. S. Jersey Publ'g Co., 131 N.J. 535 (1993), she contended that the wages should have been reconstructed based upon full time wages because she suffered a permanent injury while working, which prevented her from continuing to work full time.  Calero specifically sought the vacating of the earlier order and asked that her wages be reconstructed based on a forty-hour week.

At an initial hearing held on July 11, 2018, the judge of compensation granted Calero's application.  In his oral decision placed on the record that day, the judge turned to Rule 4:50-1 to consider whether Calero established a basis for relief from the earlier order.  The judge stated that he viewed the application to have been filed under subsection (a) of the Rule "which involves mistake, inadvertent surprise or excusable neglect."  He framed the issue as whether

Calero's attorney at the time made a mistake that would warrant vacating the order under consideration. He also considered Calero's application under subsection (f), which he described "as the catchall phrase" that would justify granting "relief from the operation of the judgment or order."

The judge concluded that it appeared "that there [was] some basis that there's a colorable argument to be made with respect to wage reconstruction." The judge turned to Target's opposition and concluded it would suffer no prejudice because he was not going to "reopen the aspect of the percentage of disability" issue and by doing so there would be no need to schedule any "additional exams." The judge found that under the circumstances relief was warranted under both subsections (a) and (f). The judge limited the issue to "whether or not the wages were accurately calculated at the time the settlement was entered." He only vacated the part of the order approving settlement with respect to the "weekly wages."

The judge of compensation conducted a hearing on September 12, 2018, for the purpose of taking testimony on the issue of wage reconstruction. At the beginning of the hearing, the judge made clear again that the matter was limited to whether "there should be a wage reconstruction" and not to address "permanency or any other issue related to [the] matter."

At the hearing, Calero testified to her job with Target, noting that she was originally hired on a full-time basis. She explained that before the accident, although she was hired to work full time, she "work[ed] the hours that were posted" for her. It was only after the accident that she was no longer able to work. Although she attempted to work some hours after being injured, eventually she could not, and her hours were continually reduced until there was no longer any work for her to perform. Since then she has never been employed.

Calero acknowledged on cross-examination that although she considered herself a full-time employee, before the accident her hours varied. Sometimes she worked more than forty hours, while other times she barely worked more than twenty hours per week. She attributed the fluctuations to her filling in when other employees could not appear for work as scheduled. She confirmed that "most of the time" when she worked, it was more than forty hours. In response to further questioning by the judge of compensation, she confirmed that she was always available to work for forty hours per week.

After Calero rested, Target did not produce any evidence at the hearing. It offered neither testimony nor documents in response to any of Calero's contentions. After allowing time for additional briefing, the judge of

5

compensation issued his oral decision on January 16, 2019, reconstructing Calero's wages.

In his decision, the judge based his findings of fact on Calero's uncontroverted testimony and found that she was a full-time hourly employee, hired at the rate of approximately $11.50 per hour. He determined that because of her injuries, initially she could no longer work full-time and after a few months "stopped working completely," and thereafter was never employed again.

The judge then addressed the applicable law. Turning to N.J.S.A. 34:15-37 that defined wages, he quoted from the statute's description of how the daily wage is calculated for hourly wage employees. He then addressed the holding in Katsoris and identified the question before him as whether "there [was] credible evidence in this case of a permanent impact on future full-time wage-earning capacity in order to reconstruct . . . [Calero's] wages." Applying the controlling law, he concluded that he could not "think of a more fitting scenario, . . . given the facts of this case that calls out for a wage reconstruction." He granted the motion and reconstructed Calero's wages to reflect a weekly wage of $460 per week based upon a forty-hour work week at $11.50 per hour.

A-2650-18T3

He noted that that would result "in a gross permanency award of $67,620." This appeal followed.

Our scope of review of a workers compensation decision is limited to "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility," Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)), and "due regard also to the agency's expertise." McGory v. SLS Landscaping, __ N.J. Super. __, __ (App. Div. 2020) (slip op. at 17) (quoting Hersh v. Cty. of Morris, 217 N.J. 236, 242 (2014)); see also Renner v. AT&T, 218 N.J. 435, 448 (2014) (explaining that our review of the "factual findings by a judge of compensation is limited").

We defer to the judge of compensation's factual findings "unless they are 'manifestly unsupported by or inconsistent with competent[,] relevant and reasonably credible evidence as to offend the interests of justice.'" McGory, __ N.J. Super. __ (slip op. at 18) (quoting Lindquist, 175 N.J. at 262). Therefore, even if it may be inclined to do so, an appellate court "may not substitute [its] own factfinding for that of the [j]udge of [c]ompensation." Lombardo v. Revlon,

Inc., 328 N.J. Super 484, 488 (App. Div. 2000). "However, 'interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" Renner, 218 N.J. at 448 (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Our review is also guided by the principles underlying the Workers Compensation Act, N.J.S.A. 34:15-1 to -146. The Act provides an exclusive remedy for injuries sustained in an "accident arising out of and in the course of employment." N.J.S.A. 34:15-7. Our State's comprehensive statutory scheme of workers compensation coverage "for the compensation of injured workers 'is remedial social legislation and should be given liberal construction in order that its beneficent purposes may be accomplished.'" Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 42 (2008) (quoting Torres v. Trenton Times Newspaper, 64 N.J. 458, 461 (1974)). "We have long recognized that [the Act] is remedial legislation and should be given liberal construction in order that its beneficent purposes may be accomplished." Kocamowski v. Township of Bridgewater, 237 N.J. 3, 10 (2019) (quoting Estate of Kotsovska v. Liebman, 221 N.J. 568, 584 (2015)).

It is an "axiomatic principle that the language of the [Act] must be liberally construed in favor of the claimant." Close, 44 N.J. at 604. In

8

considering questions relating to workers compensation in general, we have adhered to our understanding that "[t]he ultimate purpose . . . is to provide a dependable minimum of compensation to ensure security from want during a period of disability." Fitzgerald v. Tom Coddington Stables, 186 N.J. 21, 31 (2006) (quoting Naseef v. Cord, Inc., 48 N.J. 317, 325 (1966)).

Under the Act, N.J.S.A. 34:15-37[2] "authorize[s] wage reconstruction for calculation of wages for determination of benefits for partial permanent disability." McMonegal v. E & B Mgmt. Corp., 214 N.J. Super. 481, 484 (App. Div.), vacated in part on other grounds, 216 N.J. Super 312, 523 (App. Div.

---

[2] The statute states in pertinent part the following:

> When the rate of wages is fixed by the hour, the daily wage shall be found by multiplying the hourly rate by the customary number of working hours constituting an ordinary day in the character of the work involved. In any case the weekly wage shall be found by multiplying the daily wage by the customary number of working days constituting an ordinary week in the character of the work involved; provided, however, if the employee worked less than the customary number of working days constituting an ordinary week in the character of the work involved, the weekly wage for the purposes of compensation under provisions of R.S. 34:15-12a only shall be found by multiplying the hourly rate by the number of hours of work regularly performed by that employee in the character of the work involved.
>
> [N.J.S.A. 34:15-37.]

1986), <u>corrected by</u> 217 N.J. Super 18 (App. Div. 1987); <u>see also</u> <u>Katsoris</u>, 131 N.J. at 543. Reconstruction entails a two-step process. First the judge must determine if a petitioner "work[ed] fewer than the customary number of days constituting an ordinary week in the character of the work involved" at the time the injuries were sustained. <u>Katsoris</u>, 131 N.J. at 545. The judge must then consider whether the petitioner's disability "represents a 'loss of earning capacity, i.e., a diminution of future earning power,' or[] . . . whether the disability 'reaches into the future' and affects 'probable future earning capacity' or has an 'impact on probable future earnings.'" <u>Id.</u> at 547-48 (citations omitted). Thus, "[t]he critical inquiry is whether petitioner has demonstrated that her [or his] injuries, which disable[d] her [or him] from engaging in part-time employment, have disabled or will disable her [or him] with respect to her [or his] earning capacity in contemporary or future full-time employment." <u>Id.</u> at 548.

Applying these guiding principles, we consider Target's first argument. According to Target, because Calero's application did not fall within the limited circumstances for vacating an order under the Act, N.J.S.A. 34:15-27,[3] and <u>Rule</u>

---

[3] The statute states the following:

4:50-1 did not apply, reversal is warranted. Target relies on the Act and argues that the judge of compensation was without authority to consider opening the consent order either under the Act or under Rule 4:50-1(a) or (f). We disagree.

At the outset, we observe that Target did not argue before the judge of compensation, as it does now, that N.J.S.A. 34:15-27 barred Calero's application. In fact, Target conceded, without any reference to the Act, that the application was appropriate under Rule 4:50-1 but argued it should not have been granted because Calero did not establish her entitlement to relief under the Rule. For that reason, we will not consider it on appeal. See Nieder, 62 N.J. at 234. Even if we did, we would find no error because regardless of the Act's

---

> An agreement for compensation may be modified at any time by a subsequent agreement. Upon the application of any party, . . . or [an] order approving settlement may be reviewed within two years from the date when the injured person last received a payment on the ground that the incapacity of the injured employee has subsequently increased. If a party entitled to a review under this section shall become mentally incapacitated within the two-year period, the mental incapacity shall constitute grounds for tolling the unexpired balance of the two-year period, which shall only begin to run again after the party returns to mental capacity. An . . . order approving settlement may be reviewed at any time on the ground that the disability has diminished.
>
> [N.J.S.A. 34:15-27.]

provisions, a judge of compensation has inherent authority to open judgments or orders in the interest of justice and that decision will not be disturbed absent an abuse of discretion. See DEG, LLC v. Township of Fairfield, 198 N.J. 242, 261 (2009); Beese v. First Nat'l Stores, 52 N.J. 196, 200 (1968); see also Estelle v. Bd. of Educ. of Red Bank, 14 N.J. 256, 261 (1954); Stone v. Dugan Bros. of N.J., Inc., 1 N.J. Super. 13, 16-17 (App. Div. 1948).

Moreover, N.J.S.A. 34:15-27 addresses a claim of increased incapacity caused by the work-related injury, an issue that was not pertinent to Calero's application. We discern no abuse of discretion here for the reasons stated by the judge of compensation. See DEG, LLC, 198 N.J. at 261 (explaining that Rule 4:50-1 applies to a consent judgment, which 'is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees.'" (quoting Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 378 (1992))); Lee v. W.S. Steele Warehousing, 205 N.J. Super. 153, 156-158 (App. Div. 1985); Hyman v. Essex Cty. Carpet Cleaning Co., 157 N.J. Super. 510, 516-17 (App. Div. 1978).

We are not persuaded to the contrary by Target's next argument. In its second point, Target avers that the order allowing for reconstruction was

erroneous. It contends that by forcing it to relitigate Calero's claim, its ability to defend was "unfairly compromised." Target also claims that it was unfairly required to "incur additional and unforeseen litigation expenses to defend [the] settlement" which created "a tangible and significant harm."

Notably, Target did not argue before the judge of compensation or now before us, that had reconstruction been raised by Calero in the settlement discussions that led to the consent order, she would not have been entitled to the application of reconstruction to her wages. It also does not contend that the calculation performed by the judge after the hearing was erroneous. Target only focuses on the prejudice it allegedly suffered as a result of the application of reconstruction, which it identified as having to pay Calero more than agreed to in the order approving settlement after it had already paid a significant amount of what was previously agreed upon.

In his decision, the judge of compensation weighed the prejudice suffered by both parties before reaching his conclusion that opening the judgment was appropriate prior to his ultimate decision to recalculate wages. That decision was supported by the record.

We find Target's arguments to the contrary to be without sufficient merit to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(D), especially

in light of the fact that at the evidentiary hearing, Target offered absolutely no evidence to refute Calero's proofs or to establish that the alleged substantial prejudice Target suffered outweighed that which Calero experienced by not having her award properly determined.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2650-18T3